IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD I. MILLER,<br><br>      Plaintiff,<br>vs.<br><br>Commissioner RONALD TAYLOR, Director GARLAND ARMSTRONG (ret.), Superintendent ROBERT HIBPSHMAN, Asst. Superintendent SHANNON MCCLOUD, & Security Sgt. DAVID CLEVELAND, individually and in their capacities as employees of the Department of Corrections<br><br>      Defendants. | Case No. 3:14-cv-61 RRB |

## **ORDER GRANTING SUMMARY JUDGMENT IN PART**

Richard Miller, representing himself, has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983. Docket 1-1. This matter was removed from the Alaska Superior Court in Kenai. Docket 1. The Assistant Attorney General, representing all Defendants, has filed an Answer and a Motion for Summary Judgment. Docket nos. 15 & 67. The Court has reviewed the Motion, as well as Miller's response and the Defendants' Reply. Docket nos. 80 & 81.

**A.    Facts**

The facts in this matter are generally undisputed. Defendant was an inmate at Wildwood Pre-trial Facility in Kenai, Alaska, in early April 2008. Miller contends

that his constitutional rights were violated when his phone calls with his attorney were recorded by Sergeant David Cleveland pursuant to Cleveland's duties as a Correctional Officer. While notice was provided and Department policy required monitoring inmate phone calls, it is undisputed that attorney phone calls should not have been monitored or recorded. Nevertheless, several phone calls between Miller and his attorney were recorded. Docket 67 at 3-5. Sergeant Cleveland states that, once informed of the mistake, he took steps to block recording of future calls from the attorney's phone number. *Id.* at 5. There is no allegation, however, that the attorney-client phone calls which were recorded played any role in Plaintiff's ultimate conviction for child pornography and evidence tampering, and it is unclear what damages, if any, Plaintiff suffered as a result of the recordings. Miller brings a number of constitutional and state claims against State Department of Corrections employees, and requests declaratory relief and compensatory and punitive damages. Docket 1-1 at 10-15.

B. **Standard of Review**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law.[1] The moving party bears the initial burden of proof for showing that no fact is in dispute.[2] If the moving party meets that burden, then it falls upon the non-moving party to refute with facts that would indicate a genuine issue of fact for trial.[3] Summary judgment is appropriate if the facts and allegations presented by a party are merely colorable, or are not significantly probative.[4] The Court is mindful that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of the doubt.[5]

## C. Lack of Personal Participation

As a preliminary matter, Plaintiff does not allege personal participation by Hibpshman, McCloud or the Commissioner. None of these defendants were involved in the recording of Miller's phone calls.

---

[1] Fed. R. Civ. P. 56(c).

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[4] *Id., See also, In re Lewis*, 97 F.3d 1182, 1187 (9th Cir. 1996); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1995).

[5] *See Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)], 'where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citation omitted); *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them.") (citations omitted).

> Liability under section 1983 arises only upon a showing of personal participation by the defendant. *Fayle v. Stapley,* 607 F.2d 858, 862 (9th Cir.1979). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983. *Ybarra v. Reno Thunderbird Mobile Home Village,* 723 F.2d 675, 680–81 (9th Cir.1984).[6]

The lack of allegation of facts which show personal participation in an alleged civil rights violation warrants dismissal of Hibpshman, McCloud and Taylor. Accordingly, Sgt. Cleveland is the only remaining Defendant.

**D.  Challenging State Court Conviction**

This Court is not a court of appeals for final state court decisions. The majority of Miller's Opposition (Docket 80) is devoted to arguing against the validity of his convictions for possession of child pornography and tampering with evidence. Miller attaches a number of letters proclaiming his innocence. This Court may not decide "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[7]

---

[6] *Taylor*, 880 F.2d at 1045.

[7] *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 890-91 (9th Cir. 1986) (The federal district court "has no authority to review the final determinations of a state court in judicial proceedings . . . even where the challenge to the state court decision involves federal

Moreover, *Heck v. Humphrey* bars section 1983 claims challenging a conviction or sentence, unless the conviction or sentence has been reversed. To the extent Miller may be challenging the fact or duration of his confinement, he may not do this through a civil rights action, unless and until his conviction has been reversed.[8] In *Heck v. Humphrey*, the Supreme Court explained:

> [A] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[9]

The Court takes judicial notice[10] that Miller's appeal of his conviction is currently proceeding in the Alaska Court of Appeals.[11]

---

constitutional issues.") (citing, inter alia, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 476 (1983)).

[8] 512 U.S. 477, 486-87 (1994).

[9] *Id*.

[10] Judicial notice is "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact[.]" *Black's Law Dictionary* (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[11] *See http://www.appellate.courts.state.ak.us/frames1.asp?Bookmark=A11320.*

### E. Sergeant Cleveland's Knowledge and Intent

Several issues in this case turn on the intent and knowledge of Sgt. Cleveland, the sole remaining Defendant. Sgt. Cleveland's affidavit to this Court indicates that one of his assigned duties at Wildwood was to monitor inmate phone calls, and that he monitored Plaintiff's phone calls when he was housed at the facility. Docket 68 at 2. Pursuant to a search warrant, he made copies of all of Plaintiff's phone calls and provided them to the Kenai Police. Sgt. Cleveland states that he later learned that one or more of the phone calls recorded had been between Plaintiff and his attorney. *Id.* at 3. Sgt. Cleveland states that at the time he made the recordings, he did not know that any of the phone calls were with counsel, because the attorney's phone number was not registered in the Department of Corrections' (DOC's) system, which would have automatically blocked attorney client communications from being recorded. Sgt. Cleveland explained that the DOC phone system records all calls made or received by inmates, except for those made or received from attorney phone numbers listed with the Alaska Bar. *Id.* At Plaintiff's trial, however, Sgt. Cleveland testified that Kenai PD had asked the facility to monitor Plaintiff's phone calls, and that "the first few days I listened to every one." Docket 80-8 at 4 (Trial transcript at 700). Plaintiff's exhibit at Docket 80-7 suggests that sixteen phone calls between Plaintiff and his attorney were recorded between 4/4/2008 and 4/9/2008. Sgt. Cleveland's

credibility, knowledge and intent are relevant to this § 1983 action, and remain genuine issues of material fact.[12]

F.  **Violations of Criminal Statutes**

Generally, violation of a criminal statute does not create a private right of action. Accordingly, Defendant argues that Counts 1, 2, and 8 must be dismissed as Plaintiff cannot use them to serve as a basis for civil liability. The Court agrees as to Counts 1 and 2. "Alaska's criminal statute prohibiting interference with a constitutional right, AS 11.76.110, does not itself imply a purely private cause of action."[13] **Accordingly, Count 1 must be dismissed.** Similarly, the Ninth Circuit has held that 18 U.S.C. §242 provides no basis for civil liability.[14] **Count 2 must therefore be dismissed.** There is, however, a private right of action under 18

---

[12] Only in "rare instances" may credibility "be determined without an evidentiary hearing." *Earp v. Ornoski*, 431 F.3d 1158, 1169-70 (9th Cir. 2005) ("Because the veracity of the witnesses who signed the affidavits on which Earp based his claim was at issue, the claim could not be adjudicated without an evidentiary hearing on this disputed issue of material fact. Summary judgment is an inappropriate vehicle for resolving claims that depend on credibility determinations." *Id.* at 1170) (citations omitted); *Oxborrow v. City of Coalinga*, 559 F. Supp. 2d 1072, 1080 (E.D. Cal. 2008) ("[T]he court must ask whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted. Although this inquiry is primarily a legal one, where the reasonableness of the officer's belief that his conduct was lawful 'depends on the resolution of disputed issues of fact ... summary judgment is not appropriate.' *Wilkins v. City of Oakland,* 350 F.3d 949, 956 (9th Cir.2003) (citing *Saucier,* 533 U.S. at 216, 121 S. Ct. 2151 (Ginsburg J., concurring).)").

[13] *Belluomini v. Fred Meyer of Alaska, Inc.*, 993 P.2d 1009, 1015 (Alaska 1999).

[14] *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

U.S.C. § 2520 and arguably 18 U.S.C. § 2511 **(Count 8).**[15] Although Defendant argues that he lacked the intent required under the Wiretap Act, the Court finds that Sgt. Cleveland's credibility and intent create genuine issues of material fact.

**G.     Due Process**

Plaintiff next argues that his right to due process was violated by recording and distributing his confidential telephone conversations with his attorney without first obtaining a court order. Docket 1-1 at 6-7 **(Count 3).** It is unclear if Plaintiff's argument is that Defendant interfered with his right to communicate with his attorney, which arguably "violates the due process requirement of fundamental fairness."[16] But "[e]vents occurring outside of the presence of the suspect and entirely unknown to him surely can have no bearing on the capacity to comprehend and knowingly relinquish a constitutional right."[17] Plaintiff suggests that he was unaware that his phone calls with his attorney were being recorded, and therefore there was no chilling effect on Plaintiff's communications with his lawyer.

---

[15] *See DIRECTV, Inc. v. Pahnke*, 405 F. Supp. 2d 1182, 1188 (E.D. Cal. 2005).

[16] *Moran v. Burbine*, 475 U.S. 412, 468 (1986) (dissent).

[17] *Id.* at 422 (majority opinion).

Although Miller may have a due process argument in his ongoing state court proceedings,[18] if relevant to his conviction or sentence, he has stated no claim under federal civil law.[19]

H.  **Right to Privacy and Unreasonable Search and Seizure**

The right to privacy **(Count 5)** and freedom from unreasonable search and seizure **(Count 4)** associated with privileged telecommunications dates back decades. "One who occupies [a phone booth], shuts the door behind him, and pays the toll that permits him to place a call is surely entitled to assume that the words he utters into the mouthpiece will not be broadcast to the world. To read the Constitution more narrowly is to ignore the vital role that the public telephone has come to play in private communication."[20] While the Defendant may have defenses associated with the automated system which recorded the calls, these counts cannot be dismissed at this juncture.

I.  **Alaska Statutes**

Plaintiff alleges his rights have been violated under AS 33.30.231(c), which states: "A telephone call between an attorney and a prisoner . . . may not be

---

[18] *See Weatherford v. Bursey*, 429 U.S. 545 (1977).

[19] *See Heck v. Humphrey, supra.*

[20] *Katz v. United States*, 389 U.S. 347, 352 (1967).

monitored or recorded except when authorized by a court." **(Count 6)**. It is undisputed that Plaintiff's calls with his attorney were recorded without court authorization. Plaintiff also alleges his rights were violated under AS 42.20.300 for unauthorized publication of the recorded phone calls. **(Count 7).** AS 42.20.300 provides in relevant part:

> (a) Except for a party to a private conversation, a person who receives or assists in receiving, or who transmits or assists in transmitting, a private communication may not divulge or publish the existence, contents, substance, purport, effect, or meaning of the communication, except through authorized channels of transmission or reception . . .
>
> > (5) to another on demand of lawful authority; or
> >
> > (6) in response to a subpoena issued or order entered by a court of competent jurisdiction.
>
> (b) Except as provided in AS 12.37, a person not authorized by a party to the communication may not intentionally intercept a private communication or divulge or publish the existence, contents, substance, purport, effect, or meaning of the intercepted communication to any person.
>
> . . .
>
> (d) A person who has received a communication and who knows or reasonably should know that the communication and the information contained in it was obtained in violation of this section may not divulge or publish the existence, contents, substance, purport, effect, or meaning of the communication or any part of the communication.

Defendant argues that Prison officials had the authority to monitor phone calls pursuant to AS 33.30.231, and "prison staff should not bear civil liability for a

lack of clairvoyance." Docket 67 at 12. He further argues that he provided the Kenai Police with copies of the recorded phone calls pursuant to a search warrant, that Miller was on notice that his calls were being recorded and could have alerted prison staff to his attorney's unlisted phone number, and that he lacked the intent required by AS 42.20.300. The search warrant would excuse Defendant under section (a), but not under sections (b) or (d) of the statute. Whether Sgt. Cleveland had the requisite intent is, again, an issue of fact.

## J. Qualified Immunity

"[Q]ualified immunity is an affirmative defense and . . . the burden of pleading it rests with the defendant."[21] Deciding qualified immunity entails a two-step analysis. Once a court determines that a constitutional violation occurred the court must then inquire whether the right violated was "clearly established" by asking whether a reasonable officer could believe that his actions were lawful.[22] "In the second step, the court must ask whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted. Although this inquiry is primarily a legal one, where the reasonableness of the officer's belief that his

---

[21] *Crawford-El v. Britton*, 523 U.S. 574, 587 (1998) (internal quotation and citation omitted).

[22] *Oxborrow*, 559 F. Supp.2d at 1080 (citing *Saucier v. Katz,* 533 U.S. 194, 201, (2001)).

conduct was lawful 'depends on the resolution of disputed issues of fact ... summary judgment is not appropriate.'"[23]

**K. Conclusion**

In short, five of Plaintiff's eight claims survive. Genuine issues of material fact regarding Sgt. Cleveland's knowledge and intent, as well as the functionality of the DOC recording system, bar summary judgment of Counts 4, 5, 6, 7, and 8.

As an aside, the evidence suggests that the monitoring of Plaintiff's phone calls ceased long before this lawsuit was filed. Therefore, the request for declarative relief appears to be without merit. Because no evidence has been produced, to date, suggesting that the phone calls played a role in Plaintiff's conviction, there appears to be little or no basis for compensatory damages. Punitive damages may be awarded under section 1983 "either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others."[24]

---

[23] *Id.* (citing *Wilkins v. City of Oakland,* 350 F.3d 949, 956 (9th Cir. 2003)).

[24] *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005).

**IT IS THEREFORE ORDERED**:

1. The Motion for Summary Judgment at Docket 67 is GRANTED IN PART.

2. Counts 1, 2, and 3 are DISMISSED with prejudice.

3. Defendants Hibpshman, McCloud and Taylor are dismissed.

**IT IS SO ORDERED** this 11th day of January, 2016.

                                         S/RALPH R. BEISTLINE
                                         UNITED STATES DISTRICT JUDGE