# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD I. MILLER,<br>　　　Plaintiff,<br>　vs.<br><br>Commissioner RONALD TAYLOR, Director GARLAND ARMSTRONG (ret.), Superintendent ROBERT HIBPSHMAN, Asst. Superintendent SHANNON MCCLOUD, & Security Sgt. DAVID CLEVELAND, individually and in their capacities as employees of the Department of Corrections<br>　　　Defendants. | Case No. 3:14-cv-61 RRB<br><br>**ORDER ON RECONSIDERATION**<br>**(Docket 84)** |

Richard Miller, representing himself, has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983. Docket 1-1. The Assistant Attorney General, representing all Defendants, filed a Motion for Summary Judgment. **Docket 67**. The Court reviewed the Motion, as well as Miller's Response and the Defendants' Reply, and **GRANTED** the **MOTION IN PART**. Docket 82. The Court dismissed all Defendants, with the exception of Sgt. David Cleveland, and also dismissed Counts 1, 2, and 3. *Id.* The Court now considers Defendant Cleveland's Motion for Reconsideration. **Docket 84.**

The facts in this matter are generally undisputed. Defendant was an inmate at Wildwood Pre-trial Facility in Kenai, Alaska, in early April 2008. Miller contends that his constitutional rights were violated when his phone calls with his attorney were recorded by Sergeant David Cleveland pursuant to Cleveland's duties as a Correctional Officer. While notice was provided and Department policy required monitoring inmate phone calls,

it is undisputed that attorney phone calls should not have been monitored or recorded. Nevertheless, several phone calls between Miller and his attorney were recorded. Docket 67 at 3-5. Sgt. Cleveland states that, once informed of the mistake, he took steps to block recording of future calls from the attorney's phone number. *Id.* at 5.

In his Motion for Reconsideration, Sgt. Cleveland argues that the multiple attorney/client phone call recordings were inadvertent and Plaintiff has provided no admissible evidence that anything about these phone recordings should have alerted Officer Cleveland to the fact that the phone calls with Plaintiff's attorney were being recorded. Docket 84 at 3-4. Specifically, he notes that (1) had Plaintiff's attorney called from a number listed with the state bar association the prison phone system would have recognized it and not recorded those calls; (2) each phone call from an unregistered phone received an automatic prompt that the call may be recorded; and (3) signs posted above the telephones at the Wildwood facility warn inmates that their phone calls may be monitored and recorded. Docket 84 at 3. Sgt. Cleveland argues that Plaintiff and his attorney failed to use the easily available safeguards and both were explicitly warned that their calls may be monitored. *Id*. at 4. But the Court observed in its prior order:

> Several issues in this case turn on the intent and knowledge of Sgt. Cleveland, the sole remaining Defendant. Sgt. Cleveland's affidavit to this Court indicates that one of his assigned duties at Wildwood was to monitor inmate phone calls, and that he monitored Plaintiff's phone calls when he was housed at the facility. Docket 68 at 2. Pursuant to a search warrant, he made copies of all of Plaintiff's phone calls and provided them to the Kenai Police. Sgt. Cleveland states that he later learned that one or more of the phone calls recorded had been between Plaintiff and his attorney. *Id.* at 3. Sgt. Cleveland states that at the time he made the recordings, he did not know that any of the phone calls were with counsel, because the attorney's

> phone number was not registered in the Department of Corrections' (DOC's) system, which would have automatically blocked attorney client communications from being recorded. Sgt. Cleveland explained that the DOC phone system records all calls made or received by inmates, except for those made or received from attorney phone numbers listed with the Alaska Bar. *Id.* At Plaintiff's trial, however, **Sgt. Cleveland testified that Kenai PD had asked the facility to monitor Plaintiff's phone calls, and that "the first few days I listened to every one."** Docket 80-8 at 4 (Trial transcript at 700). Plaintiff's exhibit at Docket 80-7 suggests that sixteen phone calls between Plaintiff and his attorney were recorded between 4/4/2008 and 4/9/2008. Sgt. Cleveland's credibility, knowledge and intent are relevant to this § 1983 action, and remain genuine issues of material fact.

Docket 84 at 5-6 (emphasis added).

Only in "rare instances" may credibility "be determined without an evidentiary hearing." *Earp v. Ornoski*, 431 F.3d 1158, 1169-70 (9th Cir. 2005). Although Defendant argues that he lacked the intent required under the Wiretap Act and relevant Alaska Statutes, the Court found that Sgt. Cleveland's credibility and intent create genuine issues of material fact. While the Defendant may have defenses associated with the automated system which recorded the calls, these counts cannot be dismissed at this juncture. Similarly, "qualified immunity is an affirmative defense and . . . the burden of pleading it rests with the defendant." *Crawford-El v. Britton*, 523 U.S. 574, 587 (1998) (internal quotation and citation omitted). "Where the officers' entitlement to qualified immunity depends on the resolution of disputed issues of fact in their favor, and against the non-moving party, summary judgment is not appropriate." *Wilkins v. City of Oakland,* 350 F.3d 949, 956 (9th Cir. 2003). Here, it is unclear as to how many phone calls were made during

"the first few days" and whether the content of any such calls might clearly reflect that they were between Plaintiff and his attorney.

For the reasons set forth above, the Court declines to change its prior Order. Genuine issues of material fact regarding Sgt. Cleveland's knowledge and intent bar summary judgment of Counts 4, 5, 6, 7, and 8. Reconsideration is **DENIED.**

**IT IS SO ORDERED** this 22nd day of February, 2016.

S/RALPH R. BEISTLINE<br>
UNITED STATES DISTRICT JUDGE